IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHARON HAUGHT, DARLENE KEMP and
JOYCE LEONARD,

    Plaintiffs,

v.                              Civil Action No. 5:03CV109
                                            (STAMP)
THE LOUIS BERKMAN, LLC, WEST VIRGINIA
d/b/a FOLLANSBEE STEEL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES**

I. Background

On June 20, 2005, this Court entered an order awarding attorney's fees and expenses to plaintiffs for their work related to the mediation. On July 5, 2005, Michael Hoare, Cynthia Duffe and Timothy F. Cogan, counsel for the plaintiffs, submitted an application for attorney's fees and expenses with respect to the mediation conference. Defendant filed a response and plaintiffs replied. This issue is now ripe for decision by this Court. After considering the parties' memoranda, this Court finds that the plaintiffs' application for attorney's fees and expenses related to the mediation must be granted in part and denied in part.[1]

II. Discussion

Plaintiffs' counsel, Michael J. Hoare and Cynthia Duffe, requested $6,7616.00 for 25.41 hours of time expended on the

---

[1] There are several issues pending in this civil action that this Court defers ruling on at this time.

mediation. Michael Hoare's fee is $390.00 per hour. Cynthia Duffe's fee is $185.00 per hour. The travel expenses incurred totaled $279.00, which included a rental car for one day, a room for two days, two dinners and two breakfasts.

Plaintiffs' local counsel, Timothy Cogan, submitted his expense sheet requesting $1,925.00 for 7.7 hours of his time at a rate of $250.00 per hour. Mr. Cogan's legal assistant expended .5 hours on this matter for a total of $12.50.

In its response, defendant argues that plaintiffs' fees and expenses are unreasonable and beyond the scope of this Court's order awarding fees for "work related to the mediation." (Def.'s Reply at 1.) Defendant argues that: (1) the hourly rate requested by Michael Hoare, plaintiffs' lead counsel in Washington, D.C., far exceeds the prevailing rate for similarly experienced counsel in the Wheeling, West Virginia area; (2) plaintiffs are not entitled to attorney's fees for the attendance of three attorneys at the mediation; (3) plaintiffs are not entitled to attorney's fees for the time expended on their reply to defendant's response to the order to show cause; (4) plaintiffs should not be reimbursed for drafting two separate fee applications because that is not "work related to the mediation;" and (5) plaintiffs are not entitled to reimbursement for counsels' travel expenses.

In reply, plaintiffs argue that their rates and legal work were reasonable. Plaintiffs state that they should be reimbursed for time spent drafting a response to the Court's order to show

2

cause and the application for attorney's fees. Finally, plaintiffs argue that the lack of receipts for travel expenses does not preclude this Court from awarding the requested fees.

A.  <u>Reasonable Fees</u>

After a district court determines that it may award attorney fees then the word "reasonable" comes into play. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). The court in <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714 (5th Cir. 1974), cited twelve factors that must guide a district court's determination of reasonable attorney's fee pursuant to 42 U.S.C. § 1988. The twelve factors are as follows:

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesireability' of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.

<u>Id.</u>

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Blum v. Stenson</u>, 465 U.S. 886 (1984)(citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983)). The fees then can be adjusted as necessary. <u>Id.</u> Reasonable attorney's fees in federal civil actions should be

3

calculated "according to prevailing market rates in the relevant community" at the time the services were rendered. Blum, 465 U.S. at 895; Trimper v. City of Norfolk, Va., 58 F.3d 68, 73 (4th Cir. 1995). A district court has discretion in determining the appropriate amount of a fee award. Id. at 74.

The plaintiffs' attorney fees for Mr. Hoare are $390.00 per hour. The defendant argues that these attorney's fees are not in accordance with the prevailing market rate. Mr. Hoare claims that this case was undesirable to any attorney in Wheeling, West Virginia. Mr. Hoare argues that he deserves his customary rate because there were no attorneys in the Wheeling area willing to serve as counsel. He states that his fixed fee is customary for such services in Washington, D.C., and thus, should be awarded to him in this civil action. This Court finds Mr. Hoare's arguments unpersuasive.

Mr. Hoare found an attorney in Wheeling, West Virginia willing to work on this civil action. This is evident by the fact that Timothy F. Cogan was hired from Wheeling to serve as local counsel. Plaintiffs also argue that no firm in Wheeling would represent the plaintiff employees in an employment civil rights case. However, plaintiffs admit that they did not conduct an exhaustive search for an employment attorney in the Wheeling area. (Def.'s Reply at 2.) This Court believes that there are law offices situated in the Wheeling area that represent employees in employment and civil rights cases. This Court also believes that this case is desirable

to attorneys in the Wheeling area because Mr. Cogan was willing to render his legal services to the plaintiffs.

To determine Mr. Hoare's fee this Court must calculate the fee "according to prevailing market rates in the relevant community" at the time the services were rendered. Blum, 465 U.S. at 895. This can be done by locating an attorney of like experience in the Wheeling area. This Court finds that plaintiffs' counsel, Mr. Hoare and Mr. Cogan, have comparable experience and provide comparable services. Accordingly, Mr. Hoare and Mr. Cogan's fees should be similar. Mr. Hoare argues that he should receive a greater fee based upon his District of Columbia location. This Court finds that it does not matter what fee Mr. Hoare would claim in Washington, D.C. because the fee awarded in this civil action shall be based upon the prevailing market rates in Wheeling, West Virginia. Id. Accordingly, this Court finds that Mr. Hoare's hourly rate of $390.00 is excessive in this civil action and is not in accordance with the prevailing market rates in the Wheeling area.

The prevailing market rate for an attorney with Mr. Hoare's experience in Wheeling, West Virginia would equal $250.00 per hour, the same hourly rate as Mr. Cogan. Upon review of the record, this Court finds that Mr. Hoare expended 9.83 hours at an adjusted rate of $250.00 per hour. Thus, Mr. Hoare is entitled to $2,457.50 for his work related to this matter.

Ms. Duffe requests $185.00 per hour for her work on the mediation. Upon review of the record, this Court finds that Ms. Duffe expended 15.58 hours at a rate of $185.00 per hour. This Court finds that this rate is reasonable considering the prevailing market standards in the area. Accordingly, Ms. Duffe is entitled to $2,882.50 for her work related to this matter.

B. <u>Other Fees</u>

"[A] prevailing party has a duty to exercise 'billing judgment' to exclude from a fee request hours that are excessive, redundant or unnecessary." <u>Id.</u> (citing <u>Daly v. Hill</u>, 790 F.2d 1071, 1079 (4th Cir. 1986)). The prevailing party is entitled to compensation for reasonable litigation expenses. <u>Id.</u> Further, the law is clear "that no litigation costs should be awarded in the absence of adequate documentation." <u>Trimper</u>, 58 F.3d at 77.

Defendant argues that the plaintiffs are not entitled to attorney's fees for the attendance of three attorneys at the mediation. This Court finds that this argument is without merit.

There were three clients involved in this civil action who had to prepare for the mediation. Each client alleged four counts of discrimination. It was not an extremely simple issue because each plaintiff had a fact specific case. This required the attorneys to draft three separate mediation statements and then have conferences regarding the mediation statements. (Pls.' Application for Attorney's Fees, Ex. A.) The majority of hours spent on the mediation were with plaintiffs' D.C. counsel, Mr. Hoare and Ms.

Duffe. Thus, only two attorneys spent a considerable amount of time on the case. This Court finds that Mr. Hoare and Ms. Duffe's work on the case was not unreasonable or excessive.

Defendant argues that Mr. Cogan's hours spent on the mediation were excessive. Plaintiffs argue that Mr. Cogan only spent 7.7 hours of his time on the mediation and this involved the actual mediation session. In this civil action, plaintiffs utilized Mr. Cogan as local counsel. While he prepared for the mediation, Mr. Cogan spent far less time on the case then Mr. Hoare and Ms. Duffe. The 7.7 hours that Mr. Cogan spent on the mediation were reasonable considering he had to prepare and attend the mediation. This Court notes that the defendant had four attorneys at the mediation even though it was revealed the defendant had no intention of participating in the Court-ordered mediation. Thus, this Court finds that plaintiffs' utilization of three attorneys was not excessive or unreasonable.

Defendant also argues that plaintiffs are not entitled to attorney's fees for the time expended on their reply to defendant's response to the order to show cause. This Court finds that this argument is without merit. This Court will allow fees for the preparation of the reply to defendant's response to the order to show cause because it was work related to the mediation.

Defendant argues that plaintiffs should not be reimbursed for two separate applications for fees because the work was redundant. This Court finds that the attorneys' efforts in preparing the fee

application is an appropriate expense.  It is not unreasonable for both attorneys to have participated in preparing the application when both attorneys have worked on the matter.  Defendant also argues that the application for attorney's fees was not work related to the mediation.  This Court finds that the application for attorney's fees was work related to the mediation.  Accordingly, the plaintiffs will be compensation for the time expended to draft the application for attorney's fees.

Defendant argues that the plaintiffs are not entitled to reimbursement for counsel's travel expenses.  The plaintiffs' counsel submitted a statement of professional services regarding the attorneys' time expended on matters relating to the mediation.  (Pls.' Application, Ex. 1A.)  On the last page of the statement, plaintiffs' attorneys submitted a record of expenses.  This record reflects an expense for two hotel rooms equaling $215.00.  There is no identification for the hotel nor any receipts for either room.  The submitted request lacks a breakdown of the cost of each room.  This Court finds that this is unverified information that cannot be relied upon to determine travel expenses related to the mediation.  Similarly, plaintiffs' request expenses for a rental car, dinner and breakfast.  There is a lack of information regarding the businesses associated with the expenses and a breakdown between Mr. Hoare's expenses and Ms. Duffe's expenses.  Plaintiffs' counsel, Mr. Hoare, admits that he has not provided any receipts to verify

the expenses. (Def.'s Resp. at 8.) Thus, the submitted expense sheet is unverified information.

Similarly, in Trimper, 58 F.3d at 77, the court held that when an unverified "Chart of Expenses, with no receipts or bills attached," is submitted by the prevailing party, the court should not award the party its requested expenses. The court further stated that "the law is clear that no litigation costs should be awarded in the absence of adequate documentation." Id.

On the other hand, plaintiffs argue that a D.C. district court's ruling in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), rev'd on other grounds, should guide this matter. The court in Laffey stated that the prevailing party does not have to produce "every expenditure that is made in connection with the litigation" and that most out-of-pocket expenses can be merely identified with a general description. The Laffey court dealt with a case that involved thirteen years of litigation. It would have been time consuming to attach numerous bills and receipts for every expenditure by the plaintiff. On the other hand, the issue in this civil action only involves four or five receipts. This Court notes that the receipts were for attorney's expenses which would normally be kept in the regular course of business for the purpose of billing clients. Further, the plaintiffs could have provided an explanation for their inability to produce the receipts, which was done in the Laffey case. Laffey, 572 F. Supp. at 386 (the plaintiff provided affidavits to

9

explain the inability to produce documents regarding plaintiff's lost salary, telephone calls and travel expenses). This Court must follow the Fourth Circuit's established ruling in Trimper. Accordingly, this Court finds that it cannot award plaintiffs their request for expenses for traveling to Wheeling because it is unverified information.

### III. Conclusion

Accordingly, the plaintiffs' application for attorney's fees and expenses related to the mediation is hereby GRANTED IN PART AND DENIED IN PART. This Court GRANTS plaintiffs' counsel, Timothy F. Cogan, $1,925.00 for his 7.7 hours expended at a rate of $250.00 per hour and $12.50 for .5 paralegal hours expended at a rate of $25.00 per hour. This Court DENIES IN PART plaintiffs' counsel, Michael Hoare's application for attorney's fees at a rate of $390.00 per hour. This Court GRANTS Mr. Hoare reasonable attorney's fees at a rate of $250.00 per hour and GRANTS Cynthia Duffe's reasonable attorney's fees at a rate of $185.00 per hour. Accordingly, this Court awards Michael Hoare $2,457.50 for 9.83 hours expended at a rate of $250.00 per hour and Cynthia Duffe $2,882.30 for 15.58 hours expended at a rate of $185.00 per hour. Further, the plaintiffs' request for travel expenses is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:      February 13, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE