IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOYCE LEONARD,

    Plaintiff,

v.                                                        Civil Action No. 5:03CV109
                                                               (JUDGE STAMP)

THE LOUIS BERKMAN, LLC
WEST VIRGINIA,
d/b/a FOLLANSBEE STEEL,

    Defendant.

**<u>ORDER GRANTING REASONABLE EXPENSES
INCLUDING ATTORNEYS FEES AND DENYING SANCTIONS
AGAINST COUNSEL FOR DEFENDANT RE: PLAINTIFF'S EMERGENCY
MOTION FOR A PROTECTIVE ORDER</u>**

At the opportunity to be heard, counsel for Defendant, collectively, contended they should not be required to pay reasonable expenses or sanctions re: Plaintiff's Emergency Motion for a Protective Order because

1.    Counsel for Plaintiff failed to confer with counsel for Defendant prior to filing the motion. Specifically, Plaintiff's counsel did not contact local counsel, Ms. Miller. Further, Plaintiff's counsel did not follow up on his email to Defendant's lead counsel.

2.    Counsel for Defendant made a reasonable investigation of the issues involved. After checking the case authority in Plaintiff's memorandum, counsel for Defendant withdrew its subpoenas duces tecum for pretrial production of the documents to be used in trial preparation and issued new subpoenas duces tecum for production of materials at trial.

3.    Plaintiff's motion was moot because the original subpoenas were withdrawn.

4.    There is a split of authority and there is case authority to support the position asserted by counsel for Defendant.

5. Fed. R. Civ. P. 45 expressly allows subpoenas duces tecum for production of documents at trial and there is no case authority either way on the issue that was before the Court.

Findings of Fact

1. Plaintiff's Emergency Motion for a Protective Order sought the following relief "... that would prevent Defendant from issuing subpoenas and/or pursuing those subpoenas issued already seeking documents that should have been obtained, if at all, prior to September 1, 2005 when discovery closed . . ."[1] (Emphasis added)

2. Defendant's Memorandum in Opposition to Plaintiff's Emergency Motion for a Protective Order contained no citation of case authority to support the position asserted in the memorandum.

3. At the January 25, 2006 hearing on Plaintiff's Emergency Motion for a Protective Order, Ms. Miller, who spoke on behalf of Defendant, said she knew of no federal case that supported the position she was asserting.[2]

Ms. Miller said counsel for Defendant followed the case of Mortgage Information Services, Inc. v. Kitchen, 210 F.R.D. 562 (W.D.N.C. 2002), cited in Plaintiff's brief, even though there is no controlling law in the Fourth Circuit.[3]

4. At the opportunity to be heard, counsel for Defendant, Ms. Hastings, cited case authorities which she said were referred to in the Mortgage Information Services case referenced by Ms. Miller at the 1/25/06 hearing. Those cases were: Multi-Tech, Inc. v. Hayes Microcomputer

---

[1] Doc. No. 217, p. 1.

[2] Tr. 1/25/06 hearing, p. 11, lines 7-10.

[3] Tr. 1/25/06 hearing, p. 7-8, lines 21-25, 1-3.

Products, Inc., et al, 800 F. Supp. 825 (D. Minn. 1992), and Smith v. Midland Brake, Inc., 162 F.R.D. 683 (D. Kan. 1995), and the plain reading of Fed. R. Civ. P. 45 in support of the position asserted in Defendant's memorandum. Additionally, Mr. Gurbst, the partner in charge, noted that O'Boyle v. Jensen, 150 F.R.D. 519 (M.D. Pa. 1993), was applicable in this case.

5. The Court's Pronounced Order and the Order Confirming the Pronounced Order of the Court Granting Plaintiff's Emergency Motion for a Protective Order provided:

"1. Plaintiff's Emergency Motion for a Protective Order is **GRANTED** and Defendant's Subpoenas are quashed."[4]

### Discussion

1. <u>Failure to Confer</u>.

Sadly, this argument of counsel for Defendant is totally without merit. While it is true that counsel for Plaintiff did not call Defendant's local counsel, there was absolutely no reason he should have. This entire matter was initiated by Defendant's lead counsel, Ms. Hastings. Ms Hastings wrote Mr. Hoare on January 6, 2006, requesting certain documents be produced.[5] Mr. Hoare responded by letter, dated January 10, 2006,[6] inquiring what authority she had for her request. Ms. Hastings told Mr. Hoare she interpreted his question as a no. Mr. Hoare said he needed authority and who was she going to subpoena.[7] Ms. Hastings responded with the basis for her request.[8] Mr.

---

[4] Doc. No. 240, p. 1.

[5] Doc. 218-2, pp. 12-13.

[6] Doc. No. 218-2, p. 15.

[7] Doc. No. 218, p. 16.

[8] Doc. No. 218, p. 17.

Hoare received a telephone call from someone who received a subpoena. Mr. Hoare called Ms. Hastings "we have to talk about this discovery dispute". Ms. Hastings did not respond. Mr. Hoare e-mailed Ms. Hastings. Ms. Hastings' secretary responded she would give Ms. Hastings the message. The subpoenas were issued. Mr. Hoare had to act. Mr. Hoare did everything in his power to confer. The person who did not confer was Ms. Hastings.

2. Reasonable Investigation.

Counsel for Defendant did not make a reasonable investigation. Their original memorandum had no case authority. At the original hearing, counsel for Defendant provided no authority and admitted they had none. Counsel only found authority for their position after the opportunity to be heard was set.

3. Plaintiff's Motion Was Moot.

Plaintiff's motion was not mooted by the withdrawal of the original subpoenas. The motion sought a prohibition from issuing subpoenas as well as from pursuing the subpoenas already issued.

4. Case Authority to Support Defendant's Position.

Defendant's counsel did produce three cases at the opportunity to be heard to support their position.

5. Rule 45.

Fed. R. Civ. P. 45 does provide for production of documents by third parties at trial. It must be noted, of course, that if those documents subpoenaed are not listed on Defendant's Exhibit List, they may not be introduced into evidence at trial.

Decision

1. Reasonable Expenses, Including Attorneys Fees.

The operable provision of Rule 37 is loser pays. Rickels v. City of South Bend, Indiana, 33 F.3d 785, 787 (7th Cir. 1994) (quoting Wright & Miller, 8 Fed. Practice and Procedure, § 2288 at 787 (1970)).

The exceptions are only if the moving party failed to confer, the non-moving party was substantially justified in its position, or an award of expenses would be unjust. Preisler v. Hospitality Intern., Inc., No. 96-1435, 1997 WL 35338 at **1 (4th Cir. Jan. 30 1997))[9]; Fed. R. Civ. P. 37(a)(4).

Plaintiff's counsel did everything to confer. Defendant's lead counsel was the road block. Defendant was not substantially justified when it filed a memo with no case authority and conceded at the original hearing that it had no case authority to support its position. Not awarding Plaintiff reasonable expenses, including attorneys fees, would be unjust. Plaintiff is awarded reasonable expenses, including attorneys fees.

2. Amount of Reasonable Expenses.

Reasonable attorneys fees are determined by rates for the work in the district where the action is pending. Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169 (4th Cir. 1994). Two hundred dollars per hour ($200.00) is reasonable for a discovery dispute in the Northern District of West Virginia. Discovery disputes are a part of basic litigation practice. Defendant's lead

---

[9] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

counsel, Ms. Hasting, and her firm, Squire, Sanders and Dempsey, LLC shall pay Plaintiff ($200.00 x 21.1 hrs.) $4,220 Dollars as reasonable expenses.[10]

    3. <u>Sanctions</u>.

Counsel for Defendant finally came up with some authority to support their position, although not until the opportunity to be heard. Counsel for Defendant are as the old saying goes, "too clever by half." No sanctions are awarded since some limited authority exists for the position asserted. However, it is noted for the record that counsel for Defendant did not conduct themselves appropriately in this matter. That was the second time for Ms. Hastings.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear <u>pro</u> <u>se</u> and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED: February 15, 2006

                                               /s/ James E. Seibert

---

[10] This figure includes Plaintiff's expenses itemized in Plaintiff's Statement of Professional Services plus two hours for attendance at the hearing on February 10, 2006.

JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE