IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SHARON HAUGHT, DARLENE KEMP and
JOYCE LEONARD,

          Plaintiffs,

v.                                      Civil Action No. 5:03CV109
                                                      (STAMP)
THE LOUIS BERKMAN LLC, WEST VIRGINIA
d/b/a FOLLANSBEE STEEL,

          Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**ON PLAINTIFF JOYCE LEONARD'S COUNTERCLAIM**

I.   Procedural History

On July 28, 2003, the plaintiffs, Sharon Haught, Darlene Kemp

and Joyce Leonard ("Leonard"), filed a complaint in this Court

alleging unlawful sex discrimination, harassment and retaliation

pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, et

seq., the Equal Pay Act, 29 U.S.C. § 206(d), and related West

Virginia statutes.  Plaintiffs seek damages for lost wages and

benefits, emotional distress, punitive damages, prejudgment

interest and attorney's fees and costs.[1]

On August 19, 2004, defendant Follansbee Steel filed an answer

to the complaint.  With the approval of this Court, defendant

Follansbee Steel later filed an amended answer and counterclaim

against plaintiff Leonard.   This counterclaim includes three

---

[1]This Court has granted summary judgment regarding the claims
of plaintiffs, Sharon Haught and Darlene Kemp.

counts: misappropriation of trade secrets (Count I), breach of confidentiality (Count II), and breach of the duty to act only as authorized (Count III). Leonard filed a reply to defendant Follansbee Steel's counterclaim asserting a counterclaim that include discrimination and retaliation (Count I) and abuse of process (Count II).[2]

On October 7, 2005, defendant Follansbee Steel filed a motion for summary judgment on plaintiff Joyce Leonard's counterclaim against defendant Follansbee Steel. The plaintiff responded to this motion and defendant Follansbee Steel replied. This motion is now fully briefed and ripe for review. After reviewing the parties' memoranda and the applicable law, this Court finds that defendant Follansbee Steel's motion for summary judgment on plaintiff Leonard's counterclaim against The Louis Berkman LLC, West Virginia d/b/a Follansbee Steel should be granted.

## II. Facts

This action arises from the plaintiffs' employment relationship with the defendant, The Louis Berkman LLC, West Virginia d/b/a Follansbee Steel ("Follansbee Steel"). Defendant Follansbee Steel is comprised of several entities including Terne and Sheet Metal Specialty.

---

[2]In her response to defendant Follansbee Steel's motion, plaintiff Leonard withdraws that count in her counterclaim alleging abuse of process.

Jay Carey ("Carey") hired Leonard to work as a secretary in defendant Follansbee Steel's Terne Division in 1991. On or about December 4, 1992, plaintiff Leonard signed an "Invention and Confidentiality Agreement." (Def.'s Mot. Summ. J. at 6.) In 1994, defendant Follansbee Steel circulated another policy regarding confidential information. It is in dispute whether the signature on the form acknowledging receipt of that policy is that of plaintiff Leonard. Both confidentiality agreements required the plaintiff to return all confidential information to defendant Follansbee Steel upon leaving the company.

In June 1996, Carey promoted Leonard to the position of Administrative Assistant. He promoted Leonard again in April 2000 to the position of Director of Marketing for the Sheet Metal Division. In August 2000, he gave Leonard the additional responsibility of managing sales for the Sheet Metal Division. Throughout her employment, Carey served as Leonard's immediate supervisor.

In December 2001, Leonard's department moved to the Sheet Metal building. She remained in the Terne building and became the Director of Marketing for the Terne Division. In April 2002, Leonard filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation. Subsequently, defendant Follansbee Steel eliminated the marketing department, along with plaintiff Leonard's position,

on July 18, 2003, when it began outsourcing the marketing functions
for the Terne Division.

On July 28, 2003, the plaintiffs, Haught, Kemp and Leonard,
filed this civil action. Plaintiffs served their initial
disclosures on November 12, 2003. In the disclosures, plaintiff
Leonard provided a list identifying numerous documents belonging to
defendant Follansbee Steel. Defendant Follansbee Steel requested
the company's documents from the plaintiffs and stated that it
received "approximately 3000 pages of material in response to this
request." (Def.'s Mot. Summ. J. on Pl.'s Countercl. at 5.)
Defendant Follansbee Steel provides a chart, provided by the
plaintiffs' counsel, which identifies all of the alleged
confidential information as being provided by the plaintiff Joyce
Leonard. On or about August 6, 2004, plaintiffs' counsel returned
the original documents to defendant Follansbee Steel. With the
exception of a limited number of documents Leonard provided to the
EEOC in connection with the proceedings, she has only shared the
documents with her attorneys.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment
is appropriate if "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment

4

as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule
56(c) mandates the entry of summary judgment, after adequate time
for discovery and upon motion, against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial." Celotex, 477 U.S. at 322. Summary
judgment is not appropriate until after the non-moving party has
had sufficient opportunity for discovery. See Oksanen v. Page
Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502
U.S. 1074 (1992). In reviewing the supported underlying facts, all
inferences must be viewed in the light most favorable to the party
opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith
Radio Corp., 475 U.S. 574, 587 (1986).

## IV.  Discussion

In its motion for summary judgment on plaintiff Leonard's
counterclaim, defendant Follansbee Steel argues that it is entitled
to summary judgment on that counterclaim because plaintiff Leonard
cannot establish a prima facie case of retaliation or abuse of
process. As noted in her response to the defendant Follansbee
Steel's motion for summary judgment, plaintiff Leonard withdrew
that count in her counterclaim alleging abuse of process. (Pl.'s
Resp. n1.) Accordingly, this Court will focus only on defendant
Follansbee Steel's argument regarding that count in plaintiff
Leonard's counterclaim alleging retaliation.

A.   Retaliation

In order to establish a prima facie case of retaliation, the plaintiff Leonard must prove that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action.   Laughlin v. Metropolitan Washington Airports, 149 F.3d 253, 258 (4th Cir. 1998).

> Protected activities fall into two distinct categories: participation or opposition. See 42 U.S.C. § 2000e-3(a) (West 1994).  An employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace.

Id. at 259.  "To qualify as opposition activity an employee need not engage in the formal process of adjudicating a discrimination claim.   Opposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities."  Id.

"Adverse employment actions include any retaliatory act or harassment if that act or harassment results in an adverse effect on the terms, conditions, or benefits of employment."  Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).

In her counterclaim, plaintiff Leonard alleges that defendant Follansbee Steel's misconduct was "outrageous, malicious, wanton, reckless, and/or in willful disregard for Plaintiff's rights under

7

the law." (Pl.'s Countercl. ¶ 11.) In response to defendant Follansbee Steel's motion for summary judgment on plaintiff's counterclaim, plaintiff Leonard claims that she can establish a prima facie case of retaliation because: (1) she engaged in a protected activity; (2) defendant Follansbee Steel's counterclaim is an adverse action for the purpose of establishing a claim of retaliation; and (3) plaintiff Leonard can demonstrate a causal connection between the protected activity and defendant Follansbee Steel's counterclaim.

1.   Protected Activity

An employer may not retaliate against an employee for participating in an ongoing investigation of discrimination or opposing discriminatory practices in the workplace. 149 F.3d 253, 259. "Activities that constitute participation are outlined in the state: (1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding or hearing under Title VII." Id.

Leonard filed her EEOC charge in April 2002. Leonard provided the EEOC with a limited number of defendant Follansbee Steel documents, which she asserts were relevant to the EEOC charges. (Pl.'s Resp. ¶ 2 at 3.) However, Leonard has been unable to explain how the documents relate to her EEOC charge. (Def.'s Ex. Leonard II at 137-8, 147-8, 197-8. 201, 212, 216, 224, 226, 228,

231-2, 249, 251, 253, 261-8, 271, 284, 286, 289, 293, 295, and 298-300.)

Defendant Follansbee Steel argues that while Leonard had turned over some documents for her EEOC claim that does not account for her "pilfering of almost 3,000 pages of documents." (Def.'s Mot. Summ. J. at 11.) Plaintiff Leonard argues that she engaged in a protected activity when she filed a charge of discrimination with the EEOC. The evidence does not support plaintiff Leonard's assertion. Plaintiff has not provided any evidence that defendant Follansbee Steel's documents were removed in relation to her EEOC charge nor did she disclose all of the documents to the EEOC. In April 2002, Leonard filed a charge of discrimination with the EEOC alleging sex discrimination and retaliation. Leonard kept all of defendant Follansbee Steel's documents until July 20, 2003, when she gave the documents to her counsel. The original documents were returned in August 2004, over a year after Leonard filed her EEOC charge.

Because this Court finds that Leonard's actions are not cognizable as participation, there must be opposition activity or her case fails as a matter of law. Opposition activity does not require that an employee engage in a formal adjudicating process. Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 259 (4th Cir. 1998). "Opposition activity encompasses utilizing informal grievance procedures as well as staging informal

protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Id. A balancing test is used to determine whether an employee has engaged in a legitimate opposition activity. Id. The court must balance the purpose of the Act, to protect those persons engaged in activities opposing discrimination, against Congress' desire not to "tie the hands of employers in the objective selection and control of personnel." Hochstadt v. Worcester Found. for Experimental Biology, 545 F.2d 222, 231 (1st Cir. 1976)

In this civil action, defendant Follansbee Steel has an interest in maintaining security and confidentiality of sensitive personnel documents that must be weighed against Leonard's interest in providing the documents to the EEOC. The court in Laughlin, 149 F.3d at 260, recognized that "complaining to the employer and participating in an employer's informal grievance procedures, when done in a manner that is 'not disruptive or disorderly' constitute[s] opposition activities that merit protection under Title VII." The Laughlin court held that an employees action's are drastic and unreasonable when an employee takes confidential documents from her boss's desk and e-mails them to other employees involved in EEOC complaints. Id.

Similarly, Leonard took confidential documents from her employer defendant Follansbee Steel. She attached some of the documents to her EEOC complaint. However, she cannot explain the

relation between the documents and her EEOC complaint.  Further,

she kept other confidential documents that she did not attach to

her EEOC complaint, give back to the company, or explain to the

company that she had the documents.  Leonard did not copy the

documents in an effort to use them in her EEOC complaint.  Instead,

she took the original documents and kept them for a period of time

before turning them over to her attorneys to keep for several

months, and eventually returning them to defendant Follansbee

Steel.  This Court finds no evidence that the documents were

related to the EEOC complaint.  The confidential documents

contained customer lists, potential customer lists, pricing

information, profit margins, costs, personnel records and financial

information.  (Def.'s Mot. at 11.)  There is no indication from the

description of the documents that they were related to the

plaintiff's claim of discrimination.  Most importantly, Leonard

stated that she did not know how they could be related to her EEOC

claim.  (Def.'s Ex. Leonard II at 137-8.)  This Court cannot find

that Leonard's actions were related to any discrimination.

Accordingly, Leonard's actions were drastic and were not a measured

response to employer discrimination.

On the other hand, defendant Follansbee Steel has an interest

in preserving the confidential documents containing customer lists,

potential customer lists, pricing information, profit margins,

costs, personnel records and financial information.  This interest

outweighs Leonard's interest in providing these documents to the EEOC and her attorneys.

This Court finds that plaintiff has failed to establish a prima facie case of retaliation because plaintiff cannot meet the first prong, that she engaged in a protected activity.

2.  Adverse Employment Action

It is a rare case when conduct occurring within the scope of litigation constitutes retaliation. Steffes v. Stepan Co., 144 F.3d 1070, 1075 (7th Cir. 1998). "The impetus behind Title VII's anti-retaliation provision is the need to prevent employers from deterring victims of discrimination from complaining to the EEOC." Rosania v. Taco Bell of America, Inc., 303 F. Supp. 2d 878, 884 (2004)(citing Robinson v. Shell Oil Co., 519 U.S. 337 (1997)). According to Title VII, employers cannot discriminate against employees in retaliation for an employee's participation in claims brought pursuant to the statute. Rosania, 303 F. Supp. 2d at 884.

Several courts have held that a counterclaim does not constitute an adverse employment decision. Hernandez v. Crawford Bldg. Material Co., 321 F.3d 528, 532022 (5th Cir. 2003); Earl v. Electro-Coatings of Iowa, Inc., 2002 WL 32172298, 2 (N.D. Iowa 2002). Other courts have held that adverse actions are not limited to those that are employment related. EEOC v. Outback Steakhouse of Florida, Inc., 75 F. Supp. 2d 756, 758 (N.D. Ohio 1999).

12

In <u>Blistein v. St. John's College</u>, 860 F. Supp. 256 (D. Md. 1994), a Maryland district court stated that "the retaliatory action complained of need not be an employment action." Accordingly, retaliatory conduct can take the form of legal action. <u>Id.</u>  <u>Blistein</u> notes that a suit for "libel for defamation or malicious prosecution" can be a retaliatory action. <u>Id.</u> (citing 3A Larson § 87.20 at 17-110).

Defendant Follansbee Steel argues that even if Leonard engaged in a protected activity, her retaliation claim cannot proceed because defendant Follansbee Steel did not take an adverse employment action against her. Defendant Follansbee Steel asserts that Leonard was terminated as a reduction in force. She was not the only person fired. Rather, the whole marketing department was terminated. At the time of her termination, defendant Follansbee Steel did not know that Leonard had misappropriated the confidential documents. Defendant Follansbee Steel did not learn about the misappropriation until the parties began discovery in this civil action. Defendant Follansbee Steel asserts that after it concluded that Leonard breached her duty to maintain the confidentiality of this information, it exercised its legal right to assert a counterclaim against Leonard for the breach. Finally, defendant Follansbee Steel argues that Leonard cannot establish a causal connection between a protected activity and the adverse action.

Leonard argues that the providing of the confidential documents to the EEOC in support of her charge of discrimination gave rise to the defendant Follansbee Steel's counterclaim. While this Court finds that a legal action can be a retaliatory action, defendant Follansbee Steel's counterclaim is not a retaliatory action.

First, this is not a case for libel for defamation or some other malicious prosecution. Second, plaintiff Leonard has not engaged in a protected activity and the misappropriation of documents did not relate to the investigation of a charge pending before the EEOC. Leonard stated in discovery that she did not know how the documents could be related to her EEOC claim. (Def.'s Ex. Leonard II at 137-8.) This Court finds that defendant Follansbee Steel's counterclaim is brought in good faith and is not retaliatory in nature. See Gill v. Ranker Material Corp., 2003 U.S. Dist. LEXIS 2986; 91 Fair Empl. Prac. Cas. 179 (E.D. Tenn. 2003)(holding that "the adverse action requirement for retaliation claim encompasses an allegedly bad faith counterclaim brought by the employer against its former employee). Leonard does not argue that defendant Follansbee Steel brought its claim in bad faith and this Court cannot find a bad faith motive. It has been established that a company has an interest in protecting its confidential company documents. See Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 259 (4th Cir. 1998); Jefferies v.

14

Harris County Community Action Ass'n, 615 F.2d 1025, 1036-37 (5th Cir. 1980)("[Employer] clearly had a legitimate and substantial interest in keeping its personnel records and agency documents confidential."). Defendant Follansbee Steel has already explained its interest in keeping its documents confidential and Leonard has been unable to state how her misappropriation of the documents was related to her EEOC claim or any claim of discrimination.

This Court also finds that the counterclaim did not adversely affect Leonard's employment because she was already terminated for a legitimate nondiscriminatory reason. Leonard was terminated because her whole department was terminated. Defendant Follansbee Steel did not know that Leonard had misappropriated company documents, and thus, could not have terminated her for this misappropriation.

Accordingly, this Court finds that Leonard cannot establish a prima facie case of retaliation because she did not engage in a protected activity and because defendant Follansbee Steel did not take adverse employment action against her. This Court does not need to discuss the final prong of the test (i.e., causal link between the protected activity and the adverse employment action).

B.    Pretextual

"[I]f the employer produces a legitimate nondiscriminatory explanation, the employee bears the ultimate burden of proving retaliation by demonstrating that the employer's proffered reason

15

is pretextual." <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 365 (4th Cir. 1985).

Plaintiff argues that defendant Follansbee Steel's stated reasons for filing its counterclaim are pretextual. Defendant Follansbee Steel asserts that its reasons for filing its counterclaim are for a legitimate non-discriminatory reasons: (1) to ascertain the extent of Leonard's disclosure of its confidential and proprietary information; (2) to obtain injunction relief that would prevent further disclosure; and (3) to regain possession of all of defendant Follansbee Steel's documents. (Def.'s Resp. at 11.)

It has been established that a company has an interest in protecting its confidential company documents. <u>See</u> <u>Laughlin v. Metropolitan Washington Airports Authority</u>, 149 F.3d 253, 259 (4th Cir. 1998); <u>Jefferies v. Harris County Community Action Ass'n</u>, 615 F.2d 1025, 1036-37 (5th Cir. 1980)("[Employer] clearly had a legitimate and substantial interest in keeping its personnel records and agency documents confidential."). Defendant Follansbee Steel has an interest in keeping its documents confidential. Leonard has been unable to state how her misappropriation of the documents was related to her EEOC claim or any claim of discrimination. There is evidence that defendant Follansbee Steel has a legitimate interest in keeping the company's information confidential. Plaintiff does not provide any information to the

16

contrary.   Accordingly, this Court finds that Leonard has not demonstrated that defendant Follansbee Steel's reasons for filing its counterclaim are  pretextual.

V.   <u>Conclusion</u>

Because the defendant Follansbee Steel has set forth sufficient evidence to demonstrate to this Court that there is an absence of a genuine issue of material fact with respect to plaintiff Leonard's counterclaim against defendant Follansbee Steel, defendant Follansbee Steel's motion for summary judgment as to that counterclaim is hereby GRANTED pursuant to Rule 56(e).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   February 16, 2006

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE