IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOYCE LEONARD,

          Plaintiff,

v.                                    Civil Action No. 5:03CV109
                                                       (STAMP)
THE LOUIS BERKMAN LLC, WEST VIRGINIA
d/b/a/ FOLLANSBEE STEEL,

          Defendant.


## MEMORANDUM OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION IN LIMINE TO UTILIZE THE DEPOSITION TESTIMONY OF MR. BERKMAN IN LIEU OF LIVE TESTIMONY, DENYING AS MOOT PLAINTIFF LEONARD'S MOTION FOR EXTENSION OF TIME TO FILE, DENYING DEFENDANT'S MOTION FOR A RULE 35 MENTAL EXAMINATION OF PLAINTIFF JOYCE LEONARD AND OVERRULING DEFENDANT'S OBJECTION TO LEONARD'S EXHIBIT NOS. 57 AND 58

On January 26, 2006, the defendant filed a motion in limine to utilize the deposition testimony of Mr. Berkman in lieu of live testimony. On February 2, 2006, plaintiff filed a response in opposition to defendant's motion. On February 13, 2006, this Court entered an order that deferred ruling on defendant's motion in limine to utilize the deposition testimony of Mr. Berkman in lieu of live testimony. On February 16, 2006, this Court held a motions hearing by telephone in this civil action. The parties stated that they had come to an agreement to utilize the deposition testimony of Mr. Berkman instead of live testimony. Accordingly, defendant's motion in limine to utilize the deposition testimony of Mr. Berkman is DENIED AS MOOT.

On February 6, 2006, plaintiff filed a motion for extension of time to file plaintiff's binder copies of plaintiff's proposed exhibits to the Court and for filing plaintiff's disc copy of her proposed voir dire and jury instructions. On February 9, 2006, plaintiff filed a motion to further extend the deadlines for filing plaintiff's binder copies of plaintiff's proposed exhibits for the Court and plaintiff's disc copy of her proposed voir dire and jury instructions. This Court granted plaintiff's motion to further extend deadlines on February 15, 2006. Accordingly, plaintiff's first motion (Docket No. 258) is DENIED AS MOOT because this Court granted plaintiff's motion for extension of deadlines (Docket No. 272).

On February 13, 2006, defendant filed a motion to compel defendant's motion for Rule 35 mental examination of plaintiff, Joyce Leonard. Plaintiff filed a response on February 15, 2006. On February 16, 2006, this Court held a motions hearing in this civil action.

In its motion for a Rule 35 mental examination, defendant requests the examination since plaintiff Leonard has placed her emotional state at issue by claiming she suffered emotional distress due to Mr. Jay Carey's conduct and because Follansbee Steel filed its counterclaim against her. This Court entered an order granting defendant's motion for summary judgment on plaintiff Leonard's counterclaim on February 16, 2006. Accordingly,

defendant's motion for Rule 35 is DENIED as to plaintiff's counterclaim.

In the hearing, defendant stated that it has no Rule 35 examination issue regarding plaintiff's emotional distress relating to Mr. Carey's conduct if this Court grants defendant's motion in limine to preclude Dr. Rush from testifying as an expert witness.

This Court finds that defendant's motion for a Rule 35 mental examination is untimely. The parties advised this Court that they agreed to conduct the Rule 35 examination after this Court ruled on the motions for summary judgment.[1] This agreement or stipulation was never presented to this Court for approval at the time it was made. Plaintiff Leonard also refused to change this agreement.

The parties were directed by this Court to confer regarding a convenient date for the Rule 35 examination in July 2004. Defendant's motion for a Rule 35 mental examination of plaintiff Leonard is clearly untimely since she is requesting a Rule 35 examination over a year and a half later and about a week before trial. Accordingly, defendant's motion for a Rule 35 mental examination of plaintiff Leonard is DENIED.

On February 17, 2006, the defendant filed objections to plaintiff's proposed deposition testimony and interrogatories to be used at trial. Specifically, the defendant objects to plaintiff's

---

[1]This Court entered an order granting defendant's motion for summary judgment on plaintiff Leonard's counterclaim and entered an order granting in part and denying in part defendant's motion for summary judgment on defendant's counterclaim and denying plaintiff Leonard's motion for summary judgment on defendant's counterclaim.

proposed Exhibit Nos. 57 and 58. This Court held a hearing on February 22, 2006 and plaintiff Leonard stated that she would not be utilizing her proposed Exhibit Nos. 57 and 58. Defendant's proposed Exhibit No. 57 is comprised of various pages from Mr. Carey's deposition. Defendant argued that there are no circumstances to trigger the use of Mr. Carey's deposition testimony. Plaintiff has agreed not to use Exhibit No. 57, the deposition testimony of Mr. Carey. Defendant's proposed Exhibit No. 58 is defendant's answers and objections to plaintiff's first set of interrogatories and answers and objections to the second set of interrogatories. Plaintiff has agreed not to use Exhibit No. 58. Accordingly, defendant's objection to plaintiff's proposed Exhibit Nos. 57 and 58 is overruled as moot.

## Conclusion

Defendant motion in limine to utilize the deposition testimony of Mr. Berkman is hereby DENIED AS MOOT. Plaintiff Leonard's motion for extension of time to file exhibits is hereby DENIED AS MOOT. Defendant's motion for a Rule 35 mental examination of plaintiff Leonard is hereby DENIED. Defendant's objection to plaintiff's proposed Exhibit Nos. 57 and 58 is OVERRULED AS MOOT.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     February 22, 2006


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE